IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LARRY MAURICE BANKS,**
**FRANK EMANUAL MICHAEL,**
**and ANDRE MIGUEL PRICE**                                    **PLAINTIFFS**

vs.                                                  Civil Action No. 3:05-cv-127 WS

**THE CLARION LEDGER, INC.,**
**and MARIE MILLS, in her individual**
**and official capacity as Legal**
**Advertising Manager**                                        **DEFENDANTS**

## ORDER

Before this court are the following motions: plaintiffs' motion for summary judgment [docket # 10]; defendants' motion to stay response to Pro Se Plaintiffs' motion for summary judgment [docket # 14]; defendants' motion to dismiss [docket # 22]; and defendants' motion for summary judgment [docket # 22]. Rule 56 is the predicate for the parties' motions for summary judgment. Plaintiffs filed their motion pursuant to Rule 56(a)[1], while defendants filed their motion for summary judgment under Rule 56(b).[2] Both motions embrace the same jurisprudence as recognized by

---

[1] Federal Rule of Civil Procedure 56(a) reads as follows:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

[2] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Rule 56(c),[3] Federal Rules of Civil Procedure. Defendants' motion seeking dismissal was filed under the authority of Rule 12(b)(6).[4] For the reasons stated hereinafter, this court denies both motions for summary judgment and defendants' motion to dismiss. Defendants' motion to stay response to plaintiffs' motion is moot.

Plaintiffs herein are Larry Maurice Banks, Frank Emanuel Michael, and Andre Miguel Price. The defendants named in the complaint are The Clarion Ledger, Inc., and Marie Mills. These named defendants contend that the true defendant here is the Gannett River States Publishing Corporation instead of The Clarion Ledger. Plaintiffs purport to bring this lawsuit pursuant to Title 42 U.S.C. § 1983, § 1984, § 1985, § 1986 and § 1987.

According to their complaint, plaintiffs attempted to place an advertisement in The Clarion Ledger's legal advertising section. Plaintiffs allege that they were frustrated in the attempt by defendant Mills who, say plaintiffs, subjected them to racial slurs, calling them niggers and ordering them to get out of the building. The advertisement plaintiffs sought dealt with their lawsuit against the Lone Star

---

[3]Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[4]Rule 12(b)(6) provides that**,** "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted.

Steakhouse and Saloon.  For damages, plaintiffs seek $250,000.00 per person for compensatory damages;  $250,000.00 for mental anguish;  $250,000.00 for violating plaintiffs' civil rights under the Civil Rights Act;  and $250,000.00 for nominal damages.  Plaintiffs are *pro se*.

In their papers requesting summary judgment and in their answers, the defendants dispute the plaintiffs' claims.  According to the defendants, defendant Mills never directed any racial slurs at any plaintiff, but throughout the circumstance only sought to determine the proper classification for the advertisement because advertisements carry different costs based upon classification.  According to defendants, plaintiffs who identified themselves as members of the "New African Nation" were antagonistic and belligerent towards Mills and other employees of The Clarion Ledger.

Plaintiffs filed their lawsuit against defendants on February 22, 2005.  On March 7, 2005, plaintiffs filed an Amended Complaint and then supplemented the Amended Complaint on March 9, 2005.  On March 30, 2005, plaintiffs filed their motion for summary judgment.

Defendants were served on April 14, 2005.  Clearly, plaintiffs filed their motion prior to defendants' being served with the Amended Complaint.

Thereafter, on May 4, 2005, defendants filed their motion asking the court for a stay of response to the plaintiffs' motion for summary judgment.  Then, on September 7, 2005, defendants filed their motions for summary judgment and to dismiss.

Plaintiffs' motion for summary judgment clearly is premature, having been filed prior to any service upon the defendants.  Still, defendants' response time would be

3

dictated by the date they were served. More troubling, however, is that plaintiffs failed to follow the rules in submitting their motion for summary judgment. They did not file contemporaneously a memorandum of authorities. Accordingly, this court hereby denies plaintiffs' motion for summary judgment with direction to plaintiffs to follow the rules should they wish to refile.

This court also denies defendants' motion for summary judgment and to dismiss. The defense has submitted the affidavit of defendant Mills to provide her version of the events. Although the plaintiffs did not submit any affidavit in response as allowed by Rule 56, this court notes that the plaintiffs signed their complaint which sets out their version of the events.

The key case of *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), holds that summary judgment cannot be granted where the material facts are in dispute. The material "facts" before this court certainly are in dispute. Consequently, this court cannot grant summary judgment to the defendants.

Nor can this court grant a dismissal to the defendants under Rule 12(b)(6). This rule authorizes the court to dismiss the complaint where the plaintiffs have failed to state a claim as evidenced by the assertions in the complaint. As earlier stated, the plaintiffs' version of the events differ from defendants' version and, if shown to be true, plaintiffs' version may entitle them to relief.

Pursuant to the above discussion and reasoning, this court hereby denies plaintiffs' motion for summary judgment and defendants' motion for summary judgment and to dismiss. The court would have granted defendants' motion to

enlarge its response time to reply to plaintiffs' motion for summary judgment, but since the court has denied plaintiffs' motion, defendants' motion is now moot.

The parties are directed to contact the assigned Magistrate Judge to schedule a Case Management Conference.  Said contact shall occur within ten (10) days of the date of this order.

SO ORDERED AND ADJUDGED, this the 9th day of December, 2005.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:05-cv-127 WS